IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE WHITE,<br><br>   *Plaintiff,*<br><br> v.<br><br>HONORABLE MICHAEL R. POMPEO, SECRETARY, DEPARTMENT OF STATE,<br><br>   *Defendant.* | CIVIL ACTION<br>NO. 18-5434 |

**PAPPERT, J.**                               April 25, 2019

## **MEMORANDUM**

  *Pro se* Plaintiff Horace White seeks a preliminary injunction requiring the Secretary of the United States Department of State to issue a passport to his minor child, H.W. (Pet. at 1, ECF No. 2.) White's first attempt to do so was dismissed without prejudice on July 19, 2018 pursuant to *Osei-Afriyie ex rel. Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991). *See H.W. v. Pompeo*, No. 18-2934 (E.D. Pa. Jul. 12, 2018) (ECF No. 6). There, the Third Circuit held that a non-attorney parent could not proceed *pro se* on behalf of his child in federal court. *Osei-Afriyie*, 937 F.2d at 882–83. The Court's July 19 Order told White that he needed an attorney to refile his petition on H.W.'s behalf. *See H.W. v. Pompeo*, No. 18-2934 (E.D. Pa. Jul. 12, 2018) (ECF No. 6). On December 17, 2018, White filed the current Petition, now purportedly on his own behalf but seeking the same relief as the first one. (ECF No. 2.) White cannot circumvent *Osei-Afriyie* by simply claiming to be proceeding on his own when he stills seeks a passport for his minor child. In any event, White cannot satisfy the requirements for the issuance of a preliminary injunction. The Court denies the

1

Petition.

I

White is an American citizen who married a Japanese national, Motoko Matsubara. (Pet. ¶ 1.) Their daughter, H.W., was born in Japan sometime in 2017. (*Id.*) On November 11, 2017, Matsubara asked White for a divorce. (*Id.*) Three days later, Matsubara entrusted H.W. to White. (*Id.* at ¶ 2.) Matsubara and her mother then allegedly had White arrested for kidnapping their daughter on November 18, 2017. (*Id.* at ¶ 3.) On November 20, 2017, White obtained proof of H.W.'s U.S. citizenship. (*Id.* at ¶ 4.) The following day, Matsubara sued White for emergency and full custody of H.W. in Tokyo Family Court. (*Id.*)

On January 24, 2018, White applied for a U.S. passport for H.W. and personally appeared at the U.S. Embassy in Tokyo with H.W. to request that the State Department waive the two-parent signature requirement due to exigent circumstances. (*Id.* at ¶ 5; Ex. 11.) On February 9, 2018, the State Department found that White did not provide adequate evidence to support his claim of exigent circumstances but informed him that his application would remain active until the end of April. *See* (*id.* at Ex. 11). That same day, the Tokyo Family Court granted emergency and full custody of H.W. to Matsubara, a decision which White alleges he appealed. (*Id.* at ¶ 9.)[1] On May 10, 2018, the State Department denied White's application for a passport for H.W. (*Id.* at ¶ 13.) The next day, White had a supervised visit with H.W., where she looked "pale, dazed, unrecognizable, [and] underweight . . . as if drugged" and where

---

[1] White asserts that on February 8, 2018 he "temporarily" relinquished his parental rights to Shanel Mumford, an alleged family member, but purportedly had those rights restored at a later unspecified date. (Pet. ¶¶ 8–9.)

2

Matsubara's child custody and divorce lawyer allegedly "physically assaulted, harassed, and mocked" White. (*Id.*) On October 30, 2018, White again visited H.W. and "notice[d] that H.W. has 'depress eyes' [*sic*] . . . bruises, scars, cuts and blemish marks on her right foot . . . [and] on the left side of her neck." (*Id.* at ¶ 23.) White alleges that divorce proceedings remain ongoing in Tokyo. (*Id.* at ¶ 26.)

II

A preliminary injunction is an extraordinary remedy and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). A movant seeking a preliminary injunction must meet the threshold for the first two "most critical" factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). He must demonstrate that: (1) he can win on the merits and (2) that he is more likely than not to suffer irreparable harm in the absence of preliminary relief. *Id.* If these "gateway factors" are met, courts then consider two remaining factors: (3) the possibility of harm to other interested persons from the grant or denial of the injunction and (4) the public interest. *Id.* Courts exercise discretion in granting preliminary injunctions. *Id.* In demonstrating the likelihood of success on the merits, a movant need not show that it is more likely than not that he will succeed. *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011). Instead, he must show "a reasonable chance, or probability, of winning." *Id.* Based on his allegations, White has not and cannot do so.[2]

---

[2] Federal Rule of Civil Procedure 65(a) "does not always require a live hearing, and courts sometimes rule based on the parties' paper submissions, such as when the issues are strictly legal or the facts are not in dispute." *ASI Bus. Sols., Inc. v. Otsuka Am. Pharm., Inc.*, 233 F. Supp. 3d 432, 438 (E.D. Pa. 2017) (citing Fed. R. Civ. P. 65, practice commentary). The Third Circuit has held that "a district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v.*

3

Congress established a general requirement that both parents must consent to the issuance of a minor's passport application. *See* Pub. L. No. 106–113 § 236, 113 Stat. 1501 (1999). The State Department's corresponding regulations require that in order for a child under sixteen to obtain a U.S. passport, both parents must execute the application on behalf of the child. *See* 22 C.F.R. § 51.28(a)(2). The application may be executed by only one parent, however, when that parent provides either: (1) a notarized written statement from the non-applying parent or guardian expressing consent to issuance of the passport or (2) documentary evidence that he or she is the sole parent or custodian of the child. *See* 22 C.F.R. § 51.28(a)(3)(i–ii). White concedes that Matsubara does not consent to the issuance of a passport for their daughter and that the Tokyo Family Court awarded Matsubara legal custody of H.W. on February 8, 2018. (Pet. ¶¶ 6, 9.) Absent an order from the Tokyo Family Court granting sole custody to White, terminating the parental rights of Matsubara or allowing the issuance of the passport regardless of custodial arrangements, the State Department cannot issue a passport for H.W. to White. *See* 22 C.F.R. § 51.28(a)(3)(ii)(E–F).

A passport may also be issued when only one parent or legal guardian executes the application if there are exigent or special family circumstances. *See* 22 C.F.R. § 51.28(a)(5)(i–ii). Exigent circumstances require "time-sensitiv[ity]," meaning that there is "not enough time before the minor's emergency travel to obtain either the required

---

*Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990). The central issues, White's ability to obtain a passport for his minor child without her mother's consent, evidence that White is the child's sole parent or custodian or exigent circumstances, are legal issues that can be decided without disputing the factual allegations in White's Petition. *Cf. Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt.*, LLC, 793 F.3d 313, 324 (3d Cir. 2015) (stating that a trial court should conduct an evidentiary hearing when "consideration of the injunction motion was influenced in some significant degree by credibility issues and factual disputes).

4

consent of both parents/legal guardians or documentation reflecting a sole parent's/legal guardian/s custody rights." 22 C.F.R. § 51.28(a)(5)(i).  White fails to allege any time-sensitivity, nor does he argue that the State Department's previous denial of his request based on exigent circumstances was improper or somehow differs from his current Petition.  *See* (Pet. at Ex. 11).  Moreover, as Exhibit 11 to White's Petition shows, he never claimed special family circumstances when he personally appeared at the U.S. Embassy in Tokyo with H.W.  *See* (Pet. at Ex. 11).  Nonetheless, the relevant "special family circumstances" here are defined as "compelling humanitarian circumstances where the minor's lack of a passport would jeopardize the health, safety, or welfare of the minor." 22 C.F.R. § 51.28(a)(5)(ii).  Although White alleges that he "notice[d]" bruises, scars and cuts on H.W., he acknowledges that "[t]o date, the true *health, welfare and safety* conditions of H.W. are unknown."  (Pet. ¶¶ 23, 25) (emphasis in original).

White seeks a passport for H.W. on his own behalf but has not demonstrated that in the absence of a preliminary injunction he is likely to suffer irreparable harm.  The claimed injury cannot merely be possible, speculative or remote.  *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000).  The Third Circuit has held that "more than a risk of irreparable harm must be demonstrated.  The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat;' [an injunction] may not be used simply to eliminate a possibility of a remote future injury."  *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994) (citation omitted); *see also Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009) ("[T]he preliminary injunction device

5

should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm.") (quoting *Adams,* 204 F.3d at 487 (3d Cir. 2000)). White claims that the "parent-child relationship is an important interest that undeniably warrants deference and the greatest U.S. constitutional protections." *See* (Pet. ¶ 34). But he fails to specify the irreparable harm that he himself will suffer if the State Department does not issue a passport for his daughter and, in any event, White acknowledges that Matsubara was granted legal custody of H.W. *See* (*id.* at ¶ 9). Since White fails to satisfy the two threshold factors, the Court need not address the remaining factors.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.